## EDWARDS et al. v. UNITED STATES.

### (Circuit Court of Appeals, Ninth Circuit. May 17, 1915.)

### No. 2568.

1. PUBLIC LANDS ⊂⊃102—CANCELLATION OF ENTRY—TIME OF TAKING EFFECT.
   The decision of the Commissioner of the General Land Office, sustaining a contest against a land entry and holding the same for cancellation, does not effect a cancellation unless the time allowed for appeal expires without an appeal having been taken. If an appeal is prosecuted, all further proceedings are suspended until it is determined, and if the decision is again in favor of the contestant the entry is then formally canceled, and the notice required by Act May 14, 1880, c. 89, § 2, 21 Stat. 141 (Comp. St. 1913, § 4537), is given the contestant, who has a preference right for 30 days thereafter to enter the land.

   [Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 294–297; Dec. Dig. ⊂⊃102.

   Cancellation of entries, certificates, receipts, warrants, or transfers prior to issuance of patents to public lands, see note to Northern Pac. Ry. Co. v. United States, 101 C. C. A. 120.]

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. CRIMINAL LAW ⟂1172—REVIEW ON ERROR—HARMLESS ERROR—INSTRUC-
TIONS.

Where a single judgment is entered on a conviction on two counts of an indictment, and the sentence imposed is no greater than might have been imposed under the one on which conviction was proper, errors in instructions are immaterial, unless they affect both counts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3128, 3154–3157, 3159–3163, 3169; Dec. Dig. ⟂1172.]

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Olin Wellborn, Judge.

Criminal prosecution by the United States against William B. Edwards and .Robert L. Culpepper. Judgment of conviction, and defendants bring error. Affirmed.

Henry M. Willis, of San Bernardino, Cal., and J. O. Phillips, of Blythe, Cal., for plaintiffs in error.

Albert Schoonover, U. S. Atty., and Robert O'Connor and Clyde R. Moody, Asst. U. S. Attys., both of Los Angeles, Cal., for the United States.

Before GILBERT and ROSS, Circuit Judges, and RUDKIN, District Judge.

RUDKIN, District Judge. The indictment in this case, containing two counts, was returned under section 19 of the federal Penal Code of 1910 (Act March 4, 1909, c. 321, 35 Stat. 1092 [Comp. St. 1913, § 10183), which provides as follows:

"If two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, * * * they shall be fined," etc.

The second count of the indictment charges that on the 1st day of June, 1912, one Patrick H. Bodkin, a citizen of the United States, made entry of the northeast quarter of section 11, township 7 south, range 22 east, San Bernardino base and meridian, at the United States land office at Los Angeles under the homestead law of the United States, the same being public lands of the United States subject to homestead entry, and that the plaintiffs in error and others conspired to injure, oppress, threaten, and intimidate him in the free exercise and enjoyment of a right and privilege secured to him by the Constitution and laws of the United States, namely, the right and privilege to make effectual his homestead entry by entering into possession of the lands embraced therein, making settlement thereon, and improving and cultivating the same, and in other respects complying with the public land laws of the United States so as to earn and procure a patent.

It appears from the bill of exceptions that on the 17th day of July, 1902, and the 12th day of September, 1903, these and other lands were withdrawn from entry by order of the Land Department of the United States under the act of .Congress of June 17, 1902, commonly known as the Reclamation Act. On the 10th day of January, 1910, the lands

were restored to settlement on the 18th day of April, 1910, and to entry on the 18th day of May, 1910. On the 18th day of May, 1910, the lands were again withdrawn from entry pending the settlement of a contest between the state of California and the federal government as to their character and disposition, and were not restored to entry until May 22, 1912. Prior to the withdrawals of July 17, 1902, and September 12, 1903, one William B. Edwards made homestead entry of the tract above described. After the withdrawals, and before the lands were restored to entry, Bodkin filed a contest against the Edwards entry, and a hearing was duly had before the local land office. The record was transmitted to the Commissioner of the General Land Office, and under date of June 25, 1909, the Commissioner of the General Land Office held the Edwards entry for cancellation, and notice of this decision was given Bodkin prior to January 1, 1910. Edwards thereafter prosecuted an appeal from the decision of the Commissioner of the General Land Office to the Secretary of the Interior, and on the 19th day of April, 1910, the Secretary of the Interior affirmed the decision of the Commissioner of the General Land Office, directed a cancellation of the Edwards entry, and awarded Bodkin a preference right of entry. When Bodkin was notified of this decision, if at all, does not appear. On the 18th day of April, 1910, Edwards settled upon the land, and on the 18th day of May, 1910, made formal application to enter the same under the homestead law. On the latter date Bodkin made a like application, basing his claim on the preference right accorded him as a successful contestant. These several applications were suspended by the withdrawal of May 18, 1910, until June 1, 1912. On the latter date the Bodkin entry was allowed and the Edwards application canceled. On the foregoing facts the court instructed the jury as follows:

"The court further instructs you that the said Bodkin, by virtue of the allowance of June 1, 1912, at the United States land office, Los Angeles, California, of his application previously filed in said office, to wit, May 18, 1910, to enter as a homestead the land described in said second count, acquired the right, by the Constitution and laws of the United States, to make settlement and residence upon said land and cultivate the same and in other respects comply with the public land laws of the United States relating to homesteads, so as to earn and procure title to said lands."

This instruction was duly excepted to, as well as the refusal of the court to give an instruction embodying the opposite view of the law.

The first count of the indictment differs from the second only in the fact that the application of the successful contestant to make entry was not filed or presented to the local land office until several months after the cancellation of the prior entry, during which time the lands were withdrawn from settlement or entry. A verdict of guilty was returned as to both counts, and upon the two counts a single sentence or judgment was entered. From the judgment thus entered the defendants have sued out a writ of error, and the question presented for the consideration of this court is thus stated in the brief filed by the plaintiffs in error:

"The question raised, briefly stated, is: Is the action of local land officials in permitting and receiving the filing of a homestead application, based solely

upon a preference right of entry, theretofore awarded to the applicant by the Land Department at the successful termination of a contest of an entry upon lands,. while withdrawn from all form of public entry under the Reclamation Act, and the allowance by the local land officials of such homestead entry upon such preference right, long after the 30-day notice required by law, but after the restoration of said lands to entry, within the jurisdiction of the land officials, and does such action confer such a right as is embraced within the terms of section 19 of the Penal Code of the United States?":

Section 2 of the act of Congress of May 14, 1880 (21 Stat. 140), provides that:

"In all cases where any person has contested, paid the land office fees, and procured the cancellation of any pre-emption, homestead, or timber culture entry, he shall be notified by the register of the land office of the district in which such land is situated of such cancellation, and shall be allowed thirty days from date of such notice to enter said lands."

Where the land is withdrawn from entry at the time of cancellation, the department has by certain regulations attempted to extend the time for exercising the preference right until 30 days after the land is restored to entry. The power of the department to thus extend the time for exercising the preference right beyond the 30 days allowed by the act of 1880 is the question sought to be presented here.

[1] The difficulty with this contention is that it finds no support in the record in so far as the second count of the indictment is concerned. Counsel seem to be laboring under a misapprehension as to when an entry is canceled, or the date from which the 30-day period for exercising the preference right is computed. The Edwards entry was held for cancellation by the decision of the Commissioner of the General Land Office on the 25th day of June, 1909, but that decision did not effect a cancellation of the entry. The parties are simply notified of such decisions and the aggrieved party of his right of appeal. If no appeal is prosecuted within the time prescribed by the rules of the department, the contest is closed, the entry formally canceled, and the register of the land office gives notice of cancellation to the successful contestant. If, on the other hand, an appeal is prosecuted, all further proceedings are suspended until the appeal is finally heard by the Secretary of the Interior. If the contestant is there successful, the entry is canceled, and the successful contestant notified as before. The date of the cancellation of the entry, or the date of the notice, if any, in this case, does not appear; but inasmuch as the case was not decided by the Secretary of the Interior until the 19th day of April, 1910, and the application to enter was made by the successful contestant on the 18th day of May following, it follows as a matter of course that the application to enter the land was in fact made within 30 days after notice of the cancellation of the entry.

[2] There was, therefore, no error in the instruction given, or in the refusal to give the instructions requested, as to the second count of the indictment, and, inasmuch as only one general judgment was entered on both counts, any error in the instructions as to the first count is immaterial. Dunbar v. United States, 156 U. S. 185, 15 Sup. Ct. 325, 39 L. Ed. 390. These same questions may arise in future litigation between the different claimants, and if they do the parties

should not be embarrassed by the decision of unnecessary questions at this time.

Finding no prejudicial error in the record, the judgment is affirmed.